Citation Nr: AXXXXXXXX
Decision Date: 09/29/21 Archive Date: 09/29/21

DOCKET NO. 190518-19140
DATE: September 29, 2021

ORDER

Entitlement to service connection for right ear hearing loss is granted.

FINDING OF FACT

The preponderance of the evidence is in relative equipoise that the Veteran's right ear hearing loss is related to his service. 

CONCLUSION OF LAW

The criteria for service connection for right ear hearing loss have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303(a), 3.307, 3.309, 3.385.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served in the United States Army from June 1959 to June 1962 and from July 1962 to July 1968.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of an October 2018 rating decision from a Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran testified before a Veterans Law Judge via a videoconference hearing in June 2021, and a transcript of this hearing is associated with the claims file.

In April 2019, the Agency of Original Jurisdiction (AOJ) issued a statement of the case (SOC), and the Veteran opted into the Appeals Modernization Act (AMA) review system by submitting a timely VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) in May 2019. As the SOC was issued after February 19, 2019, it was a valid opt-in to the AMA. 38 C.F.R. § 3.2410(c)(2). The Veteran selected the Hearing Docket. As such, the Board may only consider the evidence of record at the time of the October 2018 rating decision on appeal, as well as any evidence submitted by the Veteran or his representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

Entitlement to service connection for right ear hearing loss is granted.

Service connection will be granted if the evidence in the record demonstrates that a current disability resulted from an injury suffered or disease contracted in active military, naval, or air service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Establishing service connection generally requires competent evidence of three things: (1) a current disability; (2) an in-service injury or disease; and (3) a relationship between the two. Saunders v. Wilkie, 886 F.3d 1356, 1361 (Fed. Cir. 2018).

For the purposes of applying the laws administered by VA, impaired hearing is considered a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

Certain chronic diseases, including organic diseases of the nervous system such as hearing loss, will be presumed related to service, absent an intercurrent cause, if they were shown as chronic in service, if they manifested to a compensable degree within a presumptive period following separation from service, or if they were noted in service or within an applicable presumptive period with continuity of symptomatology since service that is attributable to the chronic disease. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.303, 3.307, 3.309. Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013).

The Board points out that the absence of in-service evidence of hearing loss or tinnitus is not fatal to a claim for service connection. Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). Evidence of a current hearing loss disability (i.e. meeting the requirements of 38 C.F.R. § 3.385) and a medically sound basis for attributing such disability to service may serve as a basis for a grant of service connection for hearing loss. Hensley v. Brown, 5 Vet. App. 155, 159 (1993).

The Veteran's service treatment records (STRs), including his January 1959 entry and April 1962 and July 1968 separation examinations, are silent with respect to a formal diagnosis of right ear hearing loss. However, the Veteran's September 1962 reenlistment examination (mistakenly noted as a separation examination) shows a threshold shift in the right ear since his April 1962 separation examination. His military personnel records show that his military occupational specialty (MOS) was that of military policeman, and the Veteran spent time in the Republic of Vietnam.

The Veteran contends that his right ear hearing loss is due to his time as a military policeman due to his normal duties as well as due to his time in the Republic of Vietnam. In both instances, he states that he experienced hazardous noise such as small arms fire and artillery fire.

The Veteran underwent a VA examination in April 2018. The examiner noted the Veteran had right ear hearing loss for VA purposes. The examiner conceded that the Veteran experienced hazardous noise exposure during service; however, the examiner opined that because there were normal hearing thresholds on the Veteran's entrance and separation examinations, there was no relationship between his current right ear hearing loss and service.

The April 2018 examiner also provided an addendum opinion in September 2018 per request of the AOJ. In this opinion, the examiner clarified that while the Veteran's July 1968 separation examination noted threshold shifts, they were larger than expected, and he was sent to an ear, nose, and throat (ENT) physician for another examination. The audiological results reported by the ENT physician noted normal hearing upon separation. The examiner stated the ENT physician's results would be considered more accurate, and this is why they used these results in making their opinion.

However, although the examiner noted there were no permanent threshold shifts during service, they do not address the noted threshold shift in the Veteran's right ear between the April 1962 and September 1962 examinations that indicate the Veteran had a 15 dB shift at 4000 Hz. While the retest done by the ENT physician indicates the 50 dB readings noted at 3000 Hz and 4000 Hz on the July 1968 separation examination were testing errors, it is unclear whether the examiner considered the September 1962 reading of 15 dB at 4000 Hz to also be a testing error.

During the June 2021 hearing, the Veteran testified that he began to notice difficulty hearing when he was in his early 20s, which was when he was in service. The Veteran explained that he began to notice he had trouble hearing people when they were speaking, especially if they had their back to him. However, at that time he did not really consider it to be hearing loss, but more of just an issue hearing people. He stated he has continued to have difficulty hearing people since service. The Veteran also testified about his in-service duties and experiences as a military policeman. As a part of his duties, he was required to qualify on multiple small arms quarterly, and he also fired heavier weapons and artillery. In addition to qualifying on the range, the Veteran would also observe other servicemembers on the range. Further, the Veteran testified that he experienced small arms fire and mortar fire while he was in the Republic of Vietnam, which was frequent because of his proximity to the helicopter pad.

The Veteran has right ear hearing loss for VA purposes, and thus the first requirement for service connection has been met. Additionally, the Board concedes the Veteran's MOS as a military policeman, as well as his involvement in combat in the Republic of Vietnam, constitute in-service exposure to hazardous noise. As such, the second element of service connection has been met. 

After reviewing the evidence of record, the Board finds that the preponderance of the evidence is in relative equipoise that a medical nexus exists between the Veteran's hearing loss and an in-service injury, event, or disease. 38 U.S.C. § 1110; Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303.

The Board acknowledges that the Veteran is competent to attest to factual matters of which he has first-hand knowledge, including his symptoms of hearing loss, and that his assertions in that regard are entitled to probative weight. Washington v. Nicholson, 19 Vet. App. 362, 368 (2005). 

The Veteran's April 1962 separation examination notes that the right ear has a measurement of 0 dB at 4000 Hz. His September 1962 reenlistment examination notes a right ear measurement of 15 dB at 4000 Hz. The April 2018 examiner failed to address this threshold shift in their opinion, as well as in their September 2018 addendum opinion. However, in both opinions, the examiner provided a positive nexus opinion for the Veteran's left ear based on a 15 dB shift at 3000 Hz during service, indicating that a 15 dB threshold shift is adequate to find hearing loss. And, although the July 1968 separation examination measurements of 50 dB shifts at 3000 Hz and 4000 Hz were explained as testing errors and reassessed by an ENT physician, there is no such explanation associated with the 15 dB at 3000 Hz measurement from the September 1962 examination and the 0 dB at 3000 Hz measurement in July 1968. The Board concludes that this 15 dB threshold shift in 1962, when considered along with the Veteran's testimony that he began noticing issues with his hearing in his early 20s and his statements about having difficulty with hearing ever since service, combined with the grant of service connection for left ear hearing loss on the basis of a 15 dB threshold shift, bring the evidence of record to relative equipoise regarding whether his right ear hearing loss is related to his service. 

After a review of the above evidence, and after affording the Veteran the benefit of the doubt, the Board finds the evidence of record is in relative equipoise with respect to a nexus between the Veteran's conceded in-service noise exposure and his current right ear hearing loss. Accordingly, service connection for right ear hearing loss is granted.

 

 

Caroline B. Fleming

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Gabrielle Ongies, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.